**Jim and Millie SERATT, Appellants,**

v.

**LIBERTY STATE BANK, Appellee,**

**and**

**Rex Cox, Defendant.**

**No. 74857.**

Court of Appeals of Oklahoma, Division No. 3.

Aug. 13, 1991.

D.D. Hayes, Muskogee, for appellants.

Dana C. Bowen, Tim K. Baker, Talequah, for appellee.

## MEMORANDUM OPINION

HANSEN, Presiding Judge:

This action arose from Liberty State Bank's conveyance of real property by warranty deed to Appellant Jim Seratt (Seratt), and a subsequent dispute over ownership of a portion of the property between Seratt and Defendant Rex Cox (Cox).

Liberty State Bank (Bank) conveyed the property to Seratt in October, 1983. The legal description in the warranty deed contained a parcel of approximately two and one half acres which is located on a bluff above the remainder of the property. This parcel became the subject of the ownership dispute.

At the time Seratt purchased the land, the property adjacent to the disputed parcel was owned by Art and Evelyn Ward. While the evidence indicates there was some discussion concerning the disputed parcel between Seratt and the Wards, there was no apparent controversy or conflict. The Wards sold their property to Cox in May 1987.

Seratt asked Cox to join in a survey to determine property lines for a possible

homesite. Cox then made his claim to ownership of the disputed parcel.

Seratt notified Bank, by letter from Seratt's attorney, of Cox's claim, and demanded Bank take such action as was necessary to clear Seratt's title. Seratt's demand was premised upon 16 O.S. 1981 § 19, which provides, *inter alia,*

> A warranty deed ... shall be deemed a covenant on the part of the grantor (that he will) ... defend the title ... against all persons who may lawfully claim the same, ...

Bank declined to defend Seratt's title. To the contrary, Bank's response argued that the disputed parcel was outside the fence that had always been considered to delineate the property they sold Seratt. Bank also asserted it had not represented to Seratt that the parcel was included in the property.

While Bank's response does not expressly so state, it is implicit Bank believed Cox had the superior right to possession of the disputed parcel. This implication is further supported by the fact that Bank's response was by a letter from its attorney, who stated he was also representing Cox, but saw no conflict in representing both.[1]

Seratt, joined by his wife, filed this action, seeking quiet title to the disputed parcel against Cox, and also seeking the costs of defending their title against Cox from the Bank. After a bench trial, the court entered judgment in favor of the Seratts against Cox, but found the Seratts did not meet their burden against the Bank.

Seratts filed this appeal from the trial court's judgment denying them relief against Bank. In a companion appeal, Cox sought review of the trial court's judgment quieting title in Seratts.[2]

Seratts allege a single trial court error—not granting them judgment against Liberty State Bank. We disagree and affirm.

The obligation of a grantor of a warranty deed to defend the title of his grantee, as set forth above, is conditioned by subsequent sections of Title 16.

Section 25 provides:

> If a warrantor or other person bound by a warranty shall fail to appear and defend after due notice ... the warrantee may defend the action and recover in a separate suit all sums expended *the same as he might do in the same suit* ..., (emphasis added)

The authority for a warrantee to recover in the same suit is in the previous section, which states:

> Where any grantor appears in any action to defend his warranty or fails to appear after due notice, the court shall determine all the rights of all the parties, and *in case the recovery is adverse to the warranty,* the warrantee shall recover of the warrantor ... (emphasis added)

Despite the varying and inconsistent positions taken by Bank in this matter,[3] it is clear Bank conveyed what its warranty deed stated it was conveying—a title free and clear of encumberances and liens. While Serrats were required to establish this good title through judicial determination, the law clearly provides for recovery against the grantor only where the judgment is adverse to the warranty.

Seratts provide us with no legal authority, nor are we aware of any, which supports their argument for a right to recover damages under the facts here. We find the Legislature did not intend for the grantor giving a warranty deed to be an insurer for all possible expenses the grant-

---

1. There were no objections to the attorney representing both Bank and Cox in the trial court. However, we note with some concern that on appeal the same attorney continued to represent Bank and Cox, with Bank's argument against liability being that Cox's adverse possession claim was unlawful. At the same time, in the companion appeal, Cox was asserting the merit of his claim.

2. We affirmed the trial court's judgment quieting title in Seratt by separate memorandum opinion in Case Number 74,828.

3. In its Answer in the trial court, Bank expressly recognized ownership of the disputed parcel in Rex Cox. On appeal, Bank argues it "had no duty to defend (Seratt's) title against what the trial court determined to be an unlawful adverse claim".

ee may incur relating to the title being passed, but rather provided a remedy in the nature of indemnity, where the grantee suffers loss from defects of title or encumbrances. Cf, *Manley v. Pool*, 117 Okla. 249, 246 P. 386 (1926) (covenants in deed are not that illegal or fictious claims shall not be set up).

The judgment of the trial court in favor of Appellee Bank is AFFIRMED.

HUNTER, C.J., and JONES, J., concur.